SILAS W. McLOON and others, appellants from decree of Judge of Probate, *vs.*
HENRY SPAULDING and another, Administrators.

*Probate law and practice. Administrator's compensation. Evidence. Exceptions. Onus probandi.*

The amount of compensation received by a special administrator upon an estate cannot affect the amount to which the administrators upon the same estate, subsequently appointed, are entitled; hence, the inventory returned and the account rendered by such special administrator are not admissible, upon the hearing of an appeal from a decree of the judge of probate allowing a certain sum by way of compensation to the administrators.

Upon an appeal from such allowance in a second account of administration, the compensation allowed in their first account is not properly subject to revision; and exceptions to a ruling that such first account, having been passed upon by the judge of probate and not appealed from, could not properly be reviewed, with a view to fixing the compensation of the administra-

tors in the second account, cannot be sustained when neither of the accounts is brought up with the exceptions, and there is nothing tending to show that the excepting party was injured thereby.

If the word "reviewed" is to be understood in a technical sense the ruling is correct; but such first account may and should be referred to, and it is competent evidence between the parties upon such hearing so far as the facts exhibited therein have a bearing upon the questions raised by the reasons of appeal.

The burden of proof is upon the administrators, upon such an appeal, to establish their claim to the amount allowed therein as compensation by the judge of probate, and they have the right to open and close.

ON EXCEPTIONS.

APPEAL from a decree of the judge of probate of Knox County, allowing $1,575 as commissions to the administrators upon their second account of the administration of the estate of late William McLoon. The appellants alleged this allowance to be excessive, inasmuch as $6,000 had been allowed the administrators as commissions upon the settlement of their first account.

There had been a special administration upon the estate, pending the determination of a controversy as to the administration. The inventory filed by the special administrator and his account, closed before the appointment of the appellees, was offered in evidence on the hearing of this appeal, and was excluded by the presiding justice, who also ruled that the compensation allowed in the first account was not properly subject to revision upon this appeal; and that "the first account having been passed upon by the judge of probate, and not appealed from could not properly be reviewed, with a view to fixing the compensation of the administrators in the second account, from the allowance of which this appeal was taken."

Both parties claimed the right to open and close. The judge accorded this privilege to the administrators; and after hearing the cause and arguments of counsel, affirmed the original decree and the appellants excepted.

*Peter Thacher* and *J. H. H. Hewett*, for the appellants.

*Gould & Moore*, for the appellees.

McLoon *v.* Spaulding.

BARROWS, J. The single issue presented to the judge at *nisi prius* by the reasons of appeal filed in the probate court was this: Was the allowance of $1,575 as commissions to the administrators of the estate of Wm. McLoon, in addition to the sum of $6,000 thus allowed in a former account, unreasonable and excessive?

With this question neither the inventory nor the account rendered by the special administrator, whose connection with the estate subsisted before these administrators received their appointment, had anything to do. They were properly excluded.

That former accounts from the allowance of which no appeal was taken, and the matters passed upon in them are not subject to revision and readjustment upon an appeal from the allowance of a later account in which the same question was not before the judge of probate for consideration, was settled in *Sturtevant v. Tallman*, 27 Maine, 78. In that case and in *Coburn v. Loomis*, 49 Maine, 406, and *Arnold v. Mower*, id., 561, a mode is pointed out by which the attention of the probate court may be called to the correction of alleged errors in previous accounts, and a refusal to correct upon good cause shown may become a fresh subject of appeal. But so far as appears nothing of that sort was done at the hearing before the probate court in this case. The second ruling complained of was therefore correct. The third ruling to which exception is taken, was as we understand it, in purport and effect the same as the second. The presiding judge could not have intended that the appellants should understand that the previous account could not be referred to for the purpose of ascertaining, for example, how near the statute limit of commissions had been reached—or the character of the work already done, and remaining to be done, by the administrators—or that any fact appearing in it having a bearing upon the question of the amount now to be allowed should not be considered.

He only meant that the question of the propriety of the allowance made in the first account was not here and now an open question. But even if the ruling would bear the interpretation which the counsel for the appellants claims, there is nothing in the case

before us to show that the error and exclusion were prejudicial to the appellants. It is their business to show not merely that the ruling was technically erroneous, but that the error was injurious to their cause. Neither of the accounts, nor the inventory, nor any report of the testimony is before us. For aught that appears an examination of the first account would have demonstrated not only the propriety of the allowance therein made to the administrators, but the justice of their claim to the further compensation now given.

A rehearing for such a result would be nugatory. *Lord v. Kennebunkport,* 61 Maine, 462.

Whether the appellant or the appellee shall have the opening and close depends upon the character of the issue presented.

Upon the preliminary question, whether the appellants have such an interest as to entitle them to an appeal, the affirmative is upon them and they have the right to open and close. *Deering v. Adams,* 34 Maine, 41.

But where the issue is upon the sanity of a testator, it belongs to the executor to open and close, though he is the appellee. *Ware v. Ware,* 8 Maine, 42.

In the present case the burden of proof being upon the accountants to establish the correctness of their claim, they have the right to open and close.                         *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH and VIRGIN, JJ., concurred.